IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brett E. Beery,                                                             Case No. 3:05CV7261

          Plaintiff,

    v.                                                                             ORDER

Associated Hygienic Products, LLC,

          Defendant.

This is an employment discrimination case. Plaintiff Brett Beery seeks damages from Associated Hygienic Products, LLC (AHP), for disability discrimination and unlawful discharge. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Beery and AHP have both filed motions for summary judgment. For the following reasons, AHP's motion will be granted and Beery's motion will be denied.

**Background**

Beery began working for AHP on June 3, 2002, at its Marion, Ohio facility. The company originally employed him as a quality inspector. He then served as an assistant operator until January, 2004. Berry had no problems working in either capacity.

At that point, AHP transferred Beery to a different production line as a packing technician. That job requires the employee to pivot back and forth between the production line and a chute called a "horn." On his first day in that capacity, this twisting motion allegedly aggravated a pre-existing back condition Beery had from his prior military service. Subsequently, he worked a

1

different production line which did not have a "horn" and, therefore, did not require the twisting motion or aggravate his back.

In July, 2004, AHP returned Beery to the assistant operator position. He remained in this capacity until January, 2005, without incident.

AHP reassigned Beery back to the packaging technician position in February, 2005; this time on a production line with a "horn." Beery informed his supervisor, Dave Smith, that he was unable to work the "horn" production line because of his back condition. Smith told him to go home and return with the appropriate medical documentation.

On February 10, Beery provided AHP with a statement from his doctor, which included an absolute restriction on "repetitive twisting." In response, Peg Keel, the Human Resources Manager, took him off the "horn" production line and suggested he apply for short-term disability until he obtained further documentation for his back condition. Keel also suggested Beery see if his doctor could modify the no-twisting restriction in some way.

Beery, subsequently, submitted a short-term disability application to AHP which stated: 1) he could not twist from side to side; 2) he had suffered from this condition before; and 3) he was able to return to work the following day, February 18, 2005. He also provided Family and Medical Leave Act paperwork which stated: 1) he had presented restrictions to AHP which the company had turned down; 2) he was "unable to do repeated work moving side to side. twisting;" and 3) he was able to return to work on February 18, 2005.

Following these submissions, Beery met with Keel and Bill Yates, the facility's production manager. They informed him they needed to "talk to corporate," but would respond to him about the effect of the restrictions on his job.

Beery provided AHP with further documentation after the meeting demonstrating he had a ruptured disk and that twisting back and forth aggravates his muscles and nerves. In addition, he submitted a doctor's statement which included "objective findings, low back pain when twisting from side to side; restrictions: no twisting from side to side."

Keel, Yates, Gary Arbusto, the plant manager, and Paul Bois, the corporate director of human resources, discussed Beery's situation. They concluded, in light of the "no twisting from side to side" restriction, there were no positions in the facility that could accommodate Beery's medical condition. On February 25, 2005, Keel, consequently, informed him that unless the doctor lifted the no twisting restriction, AHP had to terminate him.

## Discussion

Beery asserts two causes of action: 1) disability discrimination under O.R.C. § 4112.01(A); and 2) unlawful discharge in violation of the Ohio public policy exception, specifically with respect to O.R.C. § 4101.12.

### A. Disability Discrimination

To establish a prima facie case of disability discrimination, Beery must demonstrate: 1) he had a disability; 2) his employer took adverse employment action against him, at least in part, because of his disability; and 3) even though he was disabled, he can safely and substantially perform the essential functions of the job in question. *Hood v. Diamond Products Inc.*, 74 Ohio St.3d 298, 302 (1996). If Beery establishes a prima facie case, the burden shifts to AHP to set forth a legitimate, nondiscriminatory reason for the adverse action taken. *Id.* Beery may then undermine that reason by showing it is pretextual. *Id.*

Even if Beery can make out his prima facie case of employment discrimination, his claim ultimately fails because AHP has proffered a legitimate, non-discriminatory reason for terminating him. Here, AHP terminated Beery because the company honestly believed he was physically unable to perform any job at the facility. *Smith v. Chrysler*, 155 F.3d 799, 806 (6th Cir.1998). In that case, the Sixth Circuit stated:

> [I]n order for an employer's proffered non-discriminatory basis for its employment action to be considered honestly held, the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made. If the employer is unable to produce such evidence to support its employment action, then the "honest belief" rule does not apply. Even if the employer is able to make such a showing, the protection afforded by the rule is not automatic. As was noted in *Pesterfield* [*v. TVA,* 941 F.2d 437, 443-44 (6th Cir.1991).], once the employer is able to point to the particularized facts that motivated its decision, the employee has the opportunity to produce "proof to the contrary."

*Id.*

"[I]n order to for an employer to form an honest belief, it is not required that the decisional process used by the employer be optimal or that it left no stone unturned." *McConnell v. Swifty Transp., Inc.*, 2005 WL 1865386, *13 (S.D. Ohio 2005). Here, AHP based its decision on Beery's own physician's statement of his "restrictions: no twisting from side to side." While Beery cites prior statements from his doctor that his restrictions concerned only "repetitive twisting," he identifies nothing that postdated the absolute no twisting restriction. Indeed, the company gave him the opportunity to have his doctor modify the restriction, noting it might then be able to accommodate him. Beery has presented no evidence to suggest this justification is pretextual. Consequently, there is no triable issue of fact concerning AHP's legitimate, nondiscriminatory reason for terminating Beery and summary judgment is appropriate for the company.

### B. Unlawful Discharge

Beery also contends AHP terminated him in violation of Ohio public policy. To make out a prima facie case for this cause of action, Beery must demonstrate: 1) clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law; 2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy; 3) the plaintiff's dismissal was motivated by conduct related to the public policy; and 4) the employer lacked overriding legitimate business justification for the dismissal. *Painter v. Graley*, 70 Ohio St.3d 377, 384 n.8 (1994).

Here, as noted above, AHP has demonstrated it had a legitimate business justification for dismissing Beery - his physical limitations.[1] Consequently, Beery's unlawful discharge claim also fails.[2]

### Conclusion

In light of the foregoing, it is

ORDERED THAT AHP's motion for summary judgment will be, and the same hereby is granted. Beery's motion for summary judgment will be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge

---

[1] The "honest belief" rule applies to public policy discharge cases as well. *See Kurincic v. Stein Inc.*, 30 Fed.Appx. 420, 423-26 (6th Cir. 2002)(unpublished decision).

[2] In addition, public policy claims generally fail when the underlying statutory claim fails. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375 (6th Cir.1999)

5